## HALEY v. LEE et al.   (No. 6432.)

(Court of Civil Appeals of Texas. Austin.
April 5, 1922. Rehearing Denied
June 7, 1922.)

1. Witnesses ⬅159(5)—In suit to cancel deed, deceased grantor's heir cannot testify to conversation with grantor.

In a suit to cancel a deed executed by a grantor now deceased, one of the plaintiffs, who was suing to recover an interest in the land as an heir of the grantor, was incompetent under Rev. St. art. 3690, to testify, over defendant's objection, as to a conversation which she had with her mother with reference to the execution of the deed in question.

2. Appeal and error ⬅1052(5) — Erroneous admission of evidence held not cured by jury's finding.

In a suit to cancel a deed for mental incapacity and undue influence, a conversation with the deceased grantor, testified to by one of the plaintiffs, affected the issue of capacity, as well as of undue influence, where other witnesses testified as to the insanity of grantor and as to their conversations with her, so that the admission of such evidence was not rendered harmless by the jury's finding against undue influence, where it did find mental incapacity.

3. Appeal and error ⬅560—Statement of facts under court rules should be condensation, not expansion, of testimony.

The statement of facts prepared in accordance with district court rules 72, 73, 78 (142 S. W. xxii, xxiii), should not contain testimony as to undisputed facts, but the facts established thereby only should be stated, and the evidence as to facts which were in dispute should be condensed from question and answer form, not expanded, and failure to observe these rules justifies the striking of the statement of facts from the record.

Appeal from District Court, Coryell County; J. B. Keith, Special Judge.

Suit to cancel a deed by Mrs. S. A. Lee and others against W. R. Haley. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Stinnett & Stinnett, H. E. Bell, and Watt L. Saunders, all of Gatesville, for appellant.

Clay McClellan, of Gatesville, for appellees.

JENKINS, J. This suit was brought by appellees to cancel a deed executed by Mrs. M. E. Haley, now deceased, to W. R. Haley, upon the ground that Mrs. Haley was of unsound mind at the time she executed the deed, and also that the same was obtained by undue influence exercised by the appellant over the grantor. The case was submitted to a jury upon two special issues, one of which was: "Was Mrs. Haley of unsound mind at the time she executed the deed?" To which the jury answered that she was. The other was: "Did appellant exercise undue influence over Mrs. Haley in order to obtain the deed?" To which the jury answered that he did not.

[1] This case must be reversed for the reason that appellee, Mrs. Lee, the daughter of Mrs. Haley, and one of the plaintiffs herein who was suing to recover an interest in the land as an heir of her mother, was permitted to testify, over appellant's objection, as to a conversation which she had with her mother with reference to the execution of the deed

in question. Article 3690, Revised Statutes, makes such testimony inadmissible. There are numerous decisions with reference to this statute, the latest of which is Holland v. Nimitz (Tex. Com. App.) 232 S. W. 299.

[2] Appellees contend that this case should not be reversed on account of this testimony, for the reason that it related only to undue influence, and that it is immaterial, inasmuch as the jury found in favor of appellant on that issue. We think the testimony went to the question of the mental condition of Mrs. Haley as well as to that of undue influence. Several of the other plaintiffs in this suit, who were the heirs of Mrs. Haley, testified as to the mental condition of their mother and as to their conversations with her, all of which would not have been admissible, if the same had been objected to; but as no objection was made, such improper testimony will not furnish the basis for reversal. As this case is to be retried, we do not deem it necessary to comment on the testimony further than to say that there was much of it showing that Mrs. Haley was of sound mind at the time she executed the deed.

[3] Much of the statement of facts in this case is in the form of questions and answers, and we might have stricken the same from the record, upon our own motion. We have not thought proper to adopt this drastic measure. We take this occasion to say, however, that in a great many cases, perhaps in a majority of cases, the statement of facts is unnecessarily voluminous. A statement of facts, prepared in accordance with rules 72 and 78 (142 S. W. xxii, xxiii) for the government of district courts, should not contain any testimony as to undisputed facts, but the facts established by such testimony only should be stated. Rule 73 (142 S. W. xxii) states:

"When there is any reasonable doubt of the sufficiency of the evidence to constitute proof of any one fact under the preceding rule, there may be inserted such of the testimony of the witnesses and written instruments, or parts thereof, as relate to such facts."

In the instant case, several deeds with their acknowledgments and certificates of record were inserted in full. Much of the testimony has no relation to the issues of fact involved, that is as to the mental condition of Mrs. Haley, or undue influence by appellant. Rule 78 is as follows:

"Neither the notes of a stenographer taken upon the trial, nor a copy thereof made at length, shall be filed as a statement of facts; but the statement made therefrom shall be condensed throughout in accordance with the spirit of the foregoing rules upon this subject."

The spirit of these rules is that the stenographer shall reduce the testimony to a narrative form as brief as may be without destroying the sense thereof; but, instead of so doing, many records in our court indicate a studied attempt on the part of stenographers to expand, rather than condense, the testimony of the witnesses. For instance, we have found in records in this court, where it was evident that the question asked the witness was, "What is your name?" and the answer to this, reduced to narrative form, would be, "My name is John Smith"—five words—as recorded by the stenographer, it appears as follows: "In reply to the question as to what is my name, I will say that my name is John Smith"—20 words. Again, where it is evident that the witness was asked whether he testified on a former trial, and he answered that he did, the narrative form would be thus, "I testified on the former trial of this case"—9 words. As found in the record, it reads as follows: "In reply to the question as to whether or not I testified on the former trial of this cause, I will say that I did testify on a former trial of this cause"—33 words. Things like this are contrary to the spirit of the rules, and ought not to be tolerated. As to the remedy, perhaps the appellant should refuse to receive a statement of facts made up in this manner by the stenographer; or he might file a motion in the trial court to retax the stenographer's fees, showing the unnecessary matter contained therein, and in such case it would be the duty of the trial court to retax the cost, and not allow the stenographer pay for the unnecessary matter in the statement of facts. These voluminous statements of facts, made so without reasonable excuse, tax the time of this court in examining the same, and prevent us from devoting time to other cases.

There are cases where appellate courts have stricken out statements of facts for the reason that the same were not in compliance with the rules; and we here now notify parties that, if such violations of the rules as above referred to persist, we may be compelled to adopt this method to put a stop to the same.

For the reason that the court erred in permitting the testimony of Mrs. Lee hereinabove referred to, this case is reversed and remanded for a new trial.

Reversed and remanded.